FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal, Esq. (EHR 8022)
Wendy Stryker, Esq. (WS 9570)
488 Madison Avenue
New York, NY 10022
(212) 980-0120

Attorneys for Defendant Sprint Spectrum, L.P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



JONATHAN MINTZ, Acting Commissioner of
the Department of Consumer Affairs of the City
of New York, and the CITY OF NEW YORK,

              Plaintiffs,

   v.

SPRINT SPECTRUM, L.P.

              Defendant.

## 05 CV 7130

**NOTICE OF REMOVAL
OF CIVIL ACTION**

     Defendant Sprint Spectrum, L.P. ("Sprint") hereby files this Notice of Removal of this action in its entirety from the Supreme Court of the State of New York, County of New York, where it is now pending as Case No. 05/402403, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1441.

     1.     Sprint Spectrum L.P. ("Sprint") is the defendant in a civil action filed on July 20, 2005, in the New York County Supreme Court of the State of New York.  Pursuant to 28 U.S.C. §§ 1441 and 1446, Sprint hereby removes this action to this United States District Court for the Southern District of New York, which is the judicial district in which the action is pending.  A copy of the summons and complaint are attached as Exhibit "A" hereto, and are incorporated by reference as part of this Notice.

2.      Removal of this action is proper under 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the parties of interest and this Court would have had original jurisdiction of the action under 28 U.S.C. § 1332 had the action been initially filed in this Court.

a.      Plaintiff Jonathan Mintz, Acting Commissioner of the Department of Consumer Affairs of the City of New York ("DCA"), is acting in his official capacity on behalf of the DCA, an agency of the City of New York with its principal place of business at 42 Broadway, New York, New York 10004.

b.      Plaintiff City of New York is a municipal corporation with its principal place of business at City Hall, New York, New York 10007.

c.      Defendant Sprint Spectrum L.P. is a Delaware limited partnership that is wholly-owned by Sprint Corporation, a Kansas corporation.  The principal place of business for each is Overland, Kansas.  Defendant Sprint Spectrum L.P. consists of one general and one limited partner.  The general partner (holding a 99% interest) is Sprint Spectrum Holding Company, L.P., a Delaware limited partnership.  The limited partner is MinorCo, L.P., also a Delaware limited partnership.

d.      Sprint's general partner, Sprint Spectrum Holding Company, L.P., consists of the following entities:

(i)  Sprint Enterprises, L.P. a Delaware limited partnership;[1]

(ii)  SWV Six, Inc., a Colorado Corporation with its principal place of business in Kansas;[2]

---

[1]      Sprint Enterprises, L.P. consists of: (a) UCOM, Inc., a Missouri corporation with its principal place of business in Kansas; and (b) US Telecom, Inc., a Kansas corporation with its principal place of business in Kansas. Both UCOM, Inc. and US Telecom, Inc. are wholly-owned subsidiaries of Sprint Corporation.

[2]      SWV Six, Inc. is wholly-owned by Sprint Corporation.

(iii)  SWV One Telephony Partnership, a Delaware partnership;[3] and

(iv)  SWV Two Telephony Partnership, a Delaware partnership.[4]

e.      Sprint's limited partner, MinorCo L.P., consists of the following entities:

(i)  Sprint Enterprises, L.P. a Delaware limited partnership;[5]

(ii)  SWV Six, Inc., a Colorado Corporation with its principal place of business in Kansas;

(iii)  SWV One Telephony Partnership, a Delaware partnership[6]; and

(iv)  SWV Two Telephony Partnership, a Delaware partnership[7].

3.      Based on the pleadings and other documents, the matter in controversy exceeds $75,000, exclusive of interest and costs.

a.      Plaintiffs seek damages and equitable relief based on allegations that, since May 16, 2004 and July 16, 2004 (respectively, per cause of action), advertisements for Sprint products and services violated the City's Administrative Code § 20-700 *et seq.* and Title 6 RCNY §§ 5-09, 5-06. *See* Complaint at ¶¶ 18-29 (Exhibit "A");

b.      Plaintiffs seek damages "in the amount of Five Hundred Dollars ($500) for each and every knowing violation of the Consumer Protection Law, and Three Hundred Fifty Dollars ($350) for each and every violation of the Consumer Protection Law." Complaint at 8.  Plaintiffs' complaint demands these civil penalties for allegedly

---

[3]      SWV One Telephony Partnership consists of: (a) SWV One, Inc., a Delaware corporation with its principal place of business in Kansas; and (b)  SWV Two, Inc., also a Delaware corporation with its principal place of business in Kansas.  Both SWV One, Inc. and SWV Two, Inc. are wholly-owned by Sprint Corporation.

[4]      SWV Two Telephony Partnership consists of: (a)  SWV Three, Inc., a Delaware Corporation with its principal place of business in Kansas; and (b)  SWV Four, Inc., a Delaware corporation with its principal place of business in Kansas.  Both SWV Three, Inc. and SWV Four, Inc. are wholly-owned by Sprint Corporation.

[5]      The make-up of Sprint Enterprises, L.P. is detailed above.

[6]      The make-up of SWV One Telephony Partnership is detailed above.

[7]      The make-up of SWV Two Telephony Partnership is detailed above.

repeated violations commencing on May 16, 2004 and July 16, 2004 (respectively, per

cause of action) and allegedly continuing through the date of this filing. *See* Complaint

¶¶ 18-29. Plaintiff DCA has stated publicly that Plaintiffs intend to seek "civil penalties

of $500 per customer, which could amount to hundreds of thousands of dollars...." *Cell-*

*Phone Firms Get Call They Didn't Want From City*, N.Y. DAILY NEWS, July 21, 2005

(Exhibit "B"). Plaintiffs' intention to seek "hundreds of thousands of dollars" in civil

penalties establishes an amount in controversy exceeding $75,000.

    c.    Plaintiffs also seek their cost and disbursements, costs of the DCA

investigation leading to judgment, and attorneys fees, pursuant to Administrative Code

§ 20-703, which will exceed $75,000. *See* Complaint at 8.

    4.    This Notice of Removal is timely filed with this Court within 30 days of

Defendant Sprint's receipt of service in accordance with 28 U.S.C. § 1446(b). On July 21, 2005,

defendant was served with the summons and copy of the verified complaint of the above-entitled

action. No further proceedings have occurred in the New York County Supreme Court in this

case of which Sprint has knowledge prior to its removal of this action.

    5.    A copy of this Notice of Removal is being filed with the New York County

Supreme Court of the State of New York.

Dated: New York, New York
       August 11, 2005

                        FRANKFURT KURNIT KLEIN & SELZ, P.C.

                        By: _____

                        Edward H. Rosenthal (EHR 8022)
                        Wendy Stryker (WS 9570)
                        488 Madison Avenue
                        New York, New York 10022

Phone: (212) 980-0120
Fax:  (212) 593-9175

Attorneys for Defendant Sprint

Of Counsel

Thomas E. Gilbertsen
John E. Villafranco
COLLIER SHANNON SCOTT, PLLC
3050 K Street, NW, Suite 400
Washington, DC  20007
Phone:  (202) 342-8400
Fax:  (202) 342-8451

**Exhibit A**

B199 — Summons without notice, personal or substituted service. 12 pt. type. 6-94

©1993 JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

# Supreme Court of the State of New York

## County of   NEW YORK

Index No. 054402403
Date purchased 7/20/2005

JONATHAN MINTZ, Acting Commissioner of the
Department of Consumer Affairs of the City
Of New York, and the CITY OF NEW YORK,

Plaintiff(s) designate(s)

New York
County as the place of trial.

The basis of the venue is

Plaintiff's Residence

**Plaintiff(s)**

against

# Summons

SPRINT SPECTRUM L.P.

Plaintiff(s) reside(s) at

42 Broadway

**Defendant(s)**

County of
New York

To the above named Defendant(s)

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 30 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated,
July 19, 2005

Attorney(s) for Plaintiff

Office and Post Office Address

Defendant's address:

Sprint Spectrum L.P.
6200 Sprint Parkway
Overland Park, Kansas 66251

NEW YORK
COUNTY CLERK'S OFFICE

JUL 20 2005

NOT COMPARED
WITH COPY FILED

Michael Cardozo, Esq.
Corporation Counsel
OF COUNSEL:
Susan Kassapian, Esq.
Assistant Commissioner for
Litigation and Mediation
NYC Department of Consumer Affairs
Nicholas James Fengos, Esq.
Senior Counsel
42 Broadway, New York, NY  10004

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------------X

JONATHAN MINTZ, Acting Commissioner of the    :
Department of Consumer Affairs of the City    :
of New York, and the CITY OF NEW YORK,    :

                     :      **VERIFIED**
               Plaintiffs,       :      **COMPLAINT**
                     :

        --against--           :      Index No.
                     :

SPRINT SPECTRUM L.P.           :
                     :

               Defendant.      :
                     :

---------------------------------------------------------------------X

       Plaintiffs, by their attorneys, Michael A. Cardozo, Esq., Corporation Counsel of the City of New York, and Susan Kassapian, Esq., Assistant Commissioner for Litigation and Mediation of the New York City Department of Consumer Affairs ("DCA" or "Department"), and Nicholas James Fengos, Esq., Senior Counsel at DCA, as and for their complaint, allege as follows, upon information and belief:

## PARTIES AND JURISDICTION

       1.     Plaintiff Jonathan Mintz ("the Commissioner") is the Acting Commissioner of DCA, an agency of the City of New York.

       2.     New York City Charter, § 2203, authorizes the Commissioner to enforce the Consumer Protection Law of 1969 ("the Consumer Protection Law"), Title 20, Chapter 5, Subchapter 1 of the Administrative Code of the City of New York ("the Administrative Code") relating to the offering of goods and services for sale to consumers.

       3.     Plaintiff City of New York is a municipal corporation chartered under the laws of the State of New York.

       4.     The Plaintiffs bring this Verified Complaint pursuant to § 20-703 of the Administrative Code, under which Plaintiffs are empowered to seek civil penalties, injunctive relief, and/or costs of

investigation when any person or business entity has engaged in deceptive trade practices in the sale or

offering for sale of consumer goods or services.

5.     Defendant Sprint Spectrum L.P. ("Sprint" or "Defendant") is a foreign limited

partnership registered with the New York State Department of State and organized in the State of

Delaware.  Its principal offices are located at 6200 Sprint Parkway, Overland Park, Kansas.

## APPLICABLE LAW

6.     Administrative Code § 20-700 provides:

> **Unfair Trade Practices Prohibited.**  No person shall engage in any deceptive or
> unconscionable trade practice in the sale, lease, rental or loan or in the offering for
> sale, lease, rental, or loan of any consumer goods or services, or in the collection
> of consumer debts.

7.     In relevant part, Administrative Code § 20-701 a. defines "[d]eceptive trade practice" as:

> Any false, falsely disparaging, or misleading oral or written statement, visual
> description or other representation of any kind made in connection with the sale,
> lease, rental or loan or in connection with the offering for sale, lease, rental, or
> loan of consumer goods or services . . . which has the capacity, tendency or effect
> of deceiving or misleading consumers.  Deceptive trade practices include but are
> not limited to . . . (2) the use, in any oral or written representation, of
> exaggeration, innuendo or ambiguity as to a material fact or failure to state a
> material fact if such use deceives or tends to deceive . . . [and] (6) making false or
> misleading representations of fact concerning the reasons for, existence of, or
> amounts of price reductions, or price in comparison to prices of competitors or
> one's own price at a past or future time . . . .

8.     In relevant part, Administrative Code § 20-702 provides:

> The commissioner may adopt such rules and regulations as may be necessary to
> effectuate the purposes of this subchapter, including regulations defining specific
> deceptive . . . trade practices.

9.     Title 6, Rules of the City of New York ("RCNY") § 5-06 provides, in relevant

part:

> **The Word "Free" and Similar Representations.**

> (a) *Scope.* This section governs the use of the words "free" . . . . It governs signs inside stores, storefront advertising, handbills and all other types of written advertisement . . . .
>
> (b) *Disclosures of conditions on free offers.* A seller who imposes a condition on a free offer must describe the condition clearly and conspicuously. The description of every condition of a free offer must be placed near the word "free." An asterisk or other symbol near the word "free," which refers the customer to a footnote containing conditions, does not satisfy this section. This condition must be in print at least half as large as the print used for the word "free."

10.     Title 6 RCNY § 5-09, provides, in relevant part:

> **Limitations on Offers.**
>
> (a) Sellers offering consumer goods or services in print advertising and promotional literature must disclose clearly and conspicuously all material exclusions, reservations, limitations, modifications or conditions. A disclosure made in print at least one-third as large as the largest print used in the advertisement or promotional literature satisfies this section.

11.     Administrative Code § 20-703 authorizes the City of New York to institute

proceedings for civil penalties, providing, in relevant part:

> **Enforcement.** a. The violation of any provision of this subchapter or of any rule or regulation promulgated thereunder, shall be punishable upon proof thereof, by the payment of a civil penalty in the sum of fifty dollars to three hundred fifty dollars, to be recovered in a civil action.
>
> b.     The knowing violation of any provision of this subchapter or of any rule or regulation promulgated thereunder, shall be punishable upon conviction thereof, by the payment of a civil penalty in the sum of five hundred dollars, or as a violation for which a fine in the sum of five hundred dollars shall be imposed, or both.
>
> c.     Upon a finding by the commissioner of repeated, multiple or persistent violation of any provision of this subchapter or of any rule or regulation promulgated thereunder, the city may, except as hereinafter provided, bring an action to compel the defendant or defendants in such action to pay in court all monies, property or other things, or proceeds thereof, received as a result of such violations; to direct that the amount of money or the property or other things recovered be paid into an account established pursuant to section two thousand six hundred one of the civil practice law and rules from which shall be paid over to any and all persons who purchased the goods or services during the period of violation such sum as was paid by them in a transaction involving the prohibited acts or practices, plus any costs incurred by such claimants in making and pursuing their complaints; provided that if such claims exceed the sum recovered into the account, the awards to consumers shall be prorated according to the value

3

of each claim proved; to direct the defendant or defendants, upon conviction, to pay to the city the costs, and disbursements of the action and pay to the city for the use of the commissioner the costs of his or her investigation leading to the judgment; or if not recovered from defendants, such costs are to be deducted by the city from the grand recovery before distribution to the consumers; and to direct that any money, property, or other things in the account and unclaimed by any persons with such claims within one year from creation of the account, be paid to the city, to be used by the commissioner for further consumer law enforcement activities . . . . Restitution pursuant to a judgment in an action under this subdivision shall bar, pro tanto, the recovery of any damages in any other action against the same defendant or defendants on account of the same acts or practices which were the basis for such judgment, up to the time of the judgment, by any person to whom such restitution is made . . . .

       d.    Whenever any person has engaged in any acts or practices which constitute violations of any provision of this subchapter or of any rule or regulation promulgated thereunder, the city may make application to the supreme court for an order enjoining such acts or practices and for an order granting a temporary or permanent injunction, restraining order, or other order enjoining such acts or practices.

## FACTS

12.    On or about May 16, 2004, and continuing thereafter Sprint embarked on a marketing program involving the promotion of wireless telecommunications services and products offered and sold by the Defendant using, among other means, advertisements published in newspapers distributed within the City of New York. Those newspapers included the New York Daily News and New York Newsday.

13.    These newspapers have a combined daily circulation of approximately one million copies distributed to residents of the City of New York.

14.    On or about May 16, 2004 and continuing thereafter, Defendant commenced the publication of advertisements in newspapers within the City of New York which contained the principal message in a headline of the advertisement "Nationwide Long Distance Included. Every minute, every day." Within a multi-line footnote set forth at the bottom of the advertisements, in very small type, the Defendant included the phrase "…an additional $0.25 per minute for long distance."

(E.g. See Exhibit "A" attached hereto.)

15.    On or about May 16, 2004 and continuing therafter, Defendant commenced the publication of advertisements in newspapers within the City of New York which advertised "The Sprint PCS Fair & Flexible Plan."  A multi-line footnote at the bottom of the advertisement contained the phrase "Includes minimum 300 monthly Anytime Minutes adjustable in 25- or 50-minute increments for $2.50, with $0.07 per minute for usage above 1250 minutes" as an explanation of the billing for the Sprint PCS Fair & Flexible Plan. (E.g. See Exhibit "A" attached hereto.)

16.    On or about May 16, 2004 and continuing thereafter, Defendant commenced the publication of advertisements in newspapers within the City of New York which contained a principle message of a "FREE" cellular telephone offer.  Those advertisements did not disclose that the "free" offer required "…a two-year Sprint PCS Advantage Agreement" near the word "free" and in print at least half as large as the print used for the word "free.' (E.g. See Exhibit "B" attached hereto.)

17.    On or about July 16, 2004 and continuing therafter, Defendant commenced the publication of advertisements in newspapers within the City of New York ) in which the phrase "Instant savings require in-store purchase and activation of a new line of Sprint PCS Vision service with a two-year Sprint PCS Advantage Agreement" in the body of the advertisement.  In a multi-line footnote set forth at the bottom of the advertisements in very small type, the phrase "Requires in-store purchase and activation of two new lines of service on eligible plans" was included. (E.g. See Exhibits "C" and "D" attached hereto.)

## AS AND FOR A FIRST CAUSE OF ACTION

18.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 17 as if fully set forth herein.

19.    On or about May 16, 2004 and continuing thereafter, Defendant commenced the publication of advertisements in newspapers within the City of New York  which contained the principal message in a headline of the advertisement "Nationwide Long Distance Included. Every minute, every

day." Within a multi-line footnote set forth at the bottom of the advertisements in very small type, the Defendant included the phrase "...an additional $0.25 per minute for long distance," thereby contradicting the principal message. (E.g. See Exhibits "A" and "B" attached hereto.)

20.    By virtue of the foregoing, Defendant repeatedly violated Administrative Code § 20-700 and Title 6 RCNY § 5-09 by failing to clearly and conspicuously disclose material conditions, limitations and/or exclusions thereby engaging in practices that have the capacity, tendency, or effect of deceiving or misleading consumers.

## AS FOR A SECOND CAUSE OF ACTION

21.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 20 as if fully set forth herein.

22.    On or about May 16, 2004 and continuing thereafter, Defendant commenced the publication of advertisements in newspapers within the City of New York which advertised the Sprint PCS Fair & Flexible Plan for as little as $35 a month.   A multi-line footnote at the bottom of the advertisement in very small type contained the phrase "Includes a minimum 300 monthly Anytime Minutes adjustable in 25- or 50-minute increments for $2.50, with $0.07 per minute for usage above 1250 minutes" which is unclear and inconspicuous. (E.g. See Exhibits "A," "B," "C," and "D" attached hereto.)

23.    By virtue of the foregoing, Defendant repeatedly violated Administrative Code § 20-700 and Title 6 RCNY § 5-09 by failing to clearly and conspicuously disclose material conditions, limitations and/or exclusions thereby engaging in practices that have the capacity, tendency, or effect of deceiving or misleading consumers.

## AS FOR A THIRD CAUSE OF ACTION

24.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

25.    On or about May 16, 2004 and continuing thereafter, Defendant commenced the publication of advertisements in newspapers within the City of New York which contained a principle message of a "FREE" cellular telephone offer and did disclose that the "free" offer required "…a two-year Sprint PCS Advantage Agreement" near the word "free" and in print at least half as large as the print used for the word "free.' (E.g. See Exhibits "A," "B," "C" and "D" attached hereto.)

26.    By virtue of the foregoing, Defendant repeatedly violated Administrative Code § 20-700 and Title 6 RCNY § 5-06 by failing to clearly and conspicuously disclose a condition in connection with this "free" offer near the word "free" and in print at least half as large as the print used for the word "free," thereby engaging in practices that have the capacity, tendency or effect of deceiving and misleading consumers.

## AS FOR A FOURTH CAUSE OF ACTION

27.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

28.    On or about July 16, 2004 and continuing thereafter, Defendant commenced the publication of advertisements in newspapers within the City of New York in which the phrase "Instant savings require in-store purchase and activation of a new line of Sprint PCS Vision service with a two-year Sprint PCS Advantage Agreement" in the body of the advertisement.  In a multi-line footnote set forth at the bottom of the advertisements and in very small type the phrase "Requires in-store purchase and activation of two new lines of service on eligible plans" was included. (E.g. See Exhibits "C" and "D" attached hereto.)

29.    By virtue of the foregoing, Defendant repeatedly violated Administrative Code § 20-700 and Title 6 RCNY § 5-09 by failing to clearly and conspicuously disclose material conditions, limitations and/or exclusions thereby engaging in practices that have the capacity, tendency, or effect of deceiving or misleading consumers.

**WHEREFORE,** Plaintiffs demand an order and judgment against the Defendant as follows:

A.     With respect to each cause of action, and pursuant to Administrative Code § 20-703, subdivisions a. and b. imposing upon the Defendant fines in the amount of Five Hundred Dollars ($500) for each and every knowing violation of the Consumer Protection Law and/or Rules, and Three Hundred Fifty Dollars ($350) for each and every violation of the Consumer Protection Law.

B.     Pursuant to Administrative Code § 20-703 c. directing Defendant to pay to the Plaintiffs the costs and disbursements of this action and the costs of the Department's investigation leading to judgment and that Plaintiffs have execution thereof together with attorneys' fees.

C.     With respect to each cause of action, and pursuant to Administrative Code § 20-703 d., permanently enjoining Defendant, their agents, employees or representatives and every person or entity acting individually or in concert with it from further violating the Consumer Protection Law & Rules and from committing the deceptive practices alleged herein.

D.     Such other and further relief as the Court may deem just, proper and equitable.

Dated:     New York, New York
           July 18, 2005

                        Michael A. Cardozo, Esq.
                        Corporation Counsel of the City of New York
                        100 Church Street
                        New York, New York 10003
                        By: Gabriel Taussig, Esq.

                        Of Counsel
                        Susan Kassapian, Esq.
                        Assistant Commissioner for
                        Litigation & Mediation

                        Nicholas James Pengos, Esq.
                        Senior Counsel
                        Department of Consumer Affairs
                        (212) 487-4421
                        42 Broadway
                        New York, NY 10004

To:     Sprint Spectrum L.P.

        Jeffrey A. Greenbaum, Esq.
        Frankfurt Kurnit Klein & Selz PC
        488 Madison Avenue
        New York, New York 10022

## VERIFICATION

STATE OF NEW YORK        )
                                 : ss.:

COUNTY OF NEW YORK    )

        NICHOLAS JAMES FENGOS, being duly sworn, says that he is a Senior Counsel of the New York City Department of Consumer Affairs ("DCA") and that he believes the allegations in the foregoing Complaint, set forth upon information and belief, to be true. The source of his information and the grounds for his belief are the books and records of DCA and/or statements made to him by officers, agents, or employees of DCA.

_____
NICHOLAS JAMES FENGOS

Sworn to before me on this
20 18th day of July, 2005

_____
NOTARY PUBLIC

**ELIZABETH LANG**
Notary Public, State of New York
No. 31-02LA4648025
Qualified in New York County
Commission Expires Oct. 31, 2005

10



It's hard to guess how many minutes you're going to use.

Introducing an entirely new way to buy wireless, only from Sprint.

# The Sprint PCS Fair & Flexible Plan



April: talk some  $35
May: talk more  $45
June: talk less  $37.50
July: talk a lot  $47.50

**as little as $35 a month**

No more guessing which plan is right for you. You just use your phone. And every month, Sprint automatically adjusts your plan to the minutes you use. No more ugly overages. No more wasting a lot of money or minutes.

Includes:
- Adjustable Anytime Minutes.
- Unlimited Night & Weekend Minutes.
- Nationwide Long Distance Included. Every minute, every day.



**FREE**
Sprint PCS® Phone



Sprint PCS. Now, that's better.

**Certified Sprint PCS Vision™ Specialists, for complete demonstrations:**


The PCS Center

For free delivery with phone purchase and activation:
**www.sprintpcs.com**
1-800-480-4PCS

The Sprint Store At ® RadioShack.

**MANHATTAN**
208 W 125th St.
981 E. 86th St.
390 Madison Ave
176 W 34th St.
175 5th Ave.
42 Broadway
2184 Broadway

■ New York
57 W 42nd St.
(across from Bryant Park)
(212) 730-7777

■ New York
677 Lexington Ave
(at 56th St.)
(212) 826-0727

**LONG ISLAND**
Bay Shore

■ New York
1727 Sunrise Hwy
(631) 206-3727

**BROOKLYN**
456 Fulton St.
8243 Kings Plaza
Shopping Center

Bay Ridge
485 86th St.
Brooklyn Heights
347 Montague St.

Commack
62 Veterans Memorial Hwy
Massapequa
128-52 Roosevelt Ave.
Massapequa
70-30 Austin St.
Fresh Meadows

■ New York
8400 Sunrise Hwy
(516) 782-1727

Riverhead
Tanger Outlet Center
Jamaica
Jamaica Center
Valley Stream
Green Acres Mall
Westbury
1230 Corporate Dr.

**QUEENS**
Astoria
30-30 Steinway St.
Elmhurst
Queens Place
88-01 Queens Blvd.
Flushing
136-57 Roosevelt Ave.
Forest Hills

■ New York
176-60 Union Jngst.
Jamaica
163-23 Jamaica Ave.
STATEN ISLAND
2795 Richmond Ave.

**NEW JERSEY**
East Brunswick
252 Rte. 18 N.
Lawrenceville
65 Rte. 36 W.
Flanders
International
Trade Crossings
Shopping Center
50 International Dr. S.
Holmdel
2130 Rte. 35
Howell

■ New York
705 Rte. 9 N.

Jersey City
2831 Kennedy Blvd.
Moonachie
5 Rte. 9 E.

Newark
157 Market St.
North Bergen
3101B Kennedy Blvd.
Columbia Park
Shopping Center
North Plainfield
921 Rte. 22

Paramus
185 Rte. 17 E.

■ New York
Garden State Plaza
(201) 291-2192

■ Passaic
1341 Central Ave.
Union
2956 Rte. 22 W.
Woodbridge
Rte. 1 N.
Woodbridge Crossing

**ROCKLAND**
West Nyack
Palisades Center
**WESTCHESTER**
Yonkers
2350 Central Park Ave.
White Plains
430 Tarrytown Rd.

**CONNECTICUT**
Stamford
81 High Ridge Rd.
Bull's Head
Shopping Center
Westport
1485 Post Rd. E.

Also available at:
COMPUSA
BEST BUY
RITZ CAMERA

**MANHATTAN**
902 Wireless
935 Wireless St
148-31 Wireless
934 W 14th St.
(212) 675-6120
PCS Wireless
66 Delancey St.
(212) 618-1010

PCS Experience
326 W 23rd St.
(212) 366-0400

**BRONX**
Digital Express PCS
Bay Plaza Mall
(718) 862-3400
(866) 716-7777

**BROOKLYN**
Let's Communicate
64 Graham Ave
(718) 302-2944

Nuevo PCS
70 13 Flatlands Ave
(718) 241-2741

**QUEENS**
Connect Life
35 55A Junction Blvd.
(718) 396-2042

MICRO CREDIT
OFFICE DEPOT   OfficeMax
STAPLES

**Taxes and surcharges (including a USF charge of 2.16% and cost-recovery fees of $1.50, or other surcharges that vary by market), not included. Surcharges are not taxes or government-required charges.

Nationwide network reaches over 240 million people. Coverage not available everywhere. Offers may not be available everywhere. Subject to credit. Terms and conditions apply. See store for details. Offers end 7/3/04. **Sprint PCS Fair & Flexible Plan:** Includes minimum 300 monthly Anytime Minutes adjustable in 25- or 50-minute increments for $2.50, with $0.07 per minute for usage above 1250 minutes. A nonrefundable $36 phone activation fee and $150 early termination fee apply. A deposit may be required. Night & Weekend Minutes are Mon.–Thurs. 9pm–7am and Fri. 9pm–Mon. 7am. Domestic roaming calls are charged $0.50 per minute and, if applicable, an additional $0.25 per minute for long distance. Calls are rounded up to the next whole minute. **Savings:** Instant savings only available at participating Sprint Stores, RadioShack, Wal-Mart, HH Gregg, Nebraska Furniture Mart, Ultimate Electronics, Good Guys, Wireless Retail and Best Buy. **Phone Offer:** Requires in-store purchase and activation of new line of service. Savings may not exceed total purchase price of the phones. **Mail-In Rebate:** Requires purchase of new phone by 7/3/04 and activation no later than 7/19/04. Account must be kept active for 30 consecutive days to qualify. **Sprint PCS Better Wireless Guarantee:** Return policy includes phone refund within 14 days (usage charges still apply). Phone upgrade available after 18 months' continuous service on plans $34.99 per month or higher while in good standing. Requires one- or two-year agreement at upgrade. Copyright ©2004 Sprint. All rights reserved. Sprint and the diamond logo are trademarks of Sprint Communications Company L.P.



# Stop guessing.
# Start saving.

## The Sprint PCS Fair & Flexible™ Plan

Every month, Sprint automatically adjusts your plan to the minutes you use.

### You can save up to $300 a year – a great value.



August: talk some — $35
September: talk a lot — $45
October: talk less — $40
November: talk some — $35

### For as little as $35 a month.
Other monthly charges apply. See below**

**Includes:**

■ Adjustable Anytime Minutes.

■ Unlimited Night & Weekend Minutes.

■ Nationwide Long Distance included. Every minute. Every day.

Offer requires a two-year Sprint PCS® Advantage Agreement.

Sprint PCS Vision™ Picture Phones **with built-in cameras.**



Save $399⁹⁹

Buy one, get one FREE $59⁹⁹

The phone everyone wants.



**Sprint Store**

Sprint PCS. Now, that's better.™

SEE HOW MUCH YOU CAN SAVE    800-480-4PCS    www.sprintpcs.com    or visit a Sprint Store

Certified Sprint PCS Vision™ Specialists, for complete demonstrations:


**Sprint Store**
The PCS Center

For free delivery with phone purchase and activation
www.sprintpcs.com
1-800-480-4PCS

**LONG ISLAND**
Bay Shore
1732 Sunrise Hwy.

Bohemia
★ Now Open!
Sayville Plaza
5195 Sunrise Hwy.

Commack
62 Veterans Memorial Hwy.
Massapequa
6100 Sunrise Hwy.

Riverhead
Tanger Outlet Center
Tanger 1
Valley Stream
Green Acres Mall
Westbury
1230 Corporate Dr.

BROOKLYN
456 Fulton St.
5243 Kings Plaza
Shopping Center
Bay Ridge
485 86th St.

Brooklyn Heights
147 Montague St.
MANHATTAN
209 W. 125th St.
(between 7th and 8th)
169 E. 86th St.
(between 3rd and Lexington)
390 Madison Ave.
(E. 47th St.)
128 W. 34th St.
(between 8th and 7th)
175 5th Ave.
(Flatiron Building at 23rd St.)

2184 Broadway
(between 77th and 78th)
176 Broadway
(212) 233-5777
67 W. 42nd St.
877 Lexington Ave.
★ Coming Soon
555 5th Ave.

QUEENS
Astoria
30-30 Steinway St.
Elmhurst
Queens Place
88-01 Queens Blvd.
Flushing
136-57 Roosevelt Ave.
Forest Hills
70-19 Austin St.

Fresh Meadows
176-60 Union Tnpk.
Jamaica
Jamaica Center
163-23 Jamaica Ave.
Woodhaven
★ Coming Soon
90-24 Jamaica Ave.

Other select Sprint Retailers:

LONG ISLAND
Rockville Centre
Amazing PCS
260 Merrick Rd.
516-887-8581

QUEENS
far Rockaway
Amazing PCS
32-25 Beach Channel Dr.
718-337-8886

**Taxes, surcharges (including a USF charge of 2.04% and cost-recovery fees of $0.80, or other surcharges that vary by market), not included. Surcharges are not taxes or government-required charges.

Nationwide network reaches over 240 million people. Coverage not available everywhere. Offers may not be available everywhere. Subject to credit. Terms and conditions apply. See store for details. Offer ends 10/10/04. **Sprint PCS Fair & Flexible Plan:** Includes minimum 300 monthly Anytime Minutes adjustable in 25- or 50-minute increments for $2.50, with $0.07 per minute for usage above 1250 minutes. A nonrefundable $36 phone activation fee and $150 early termination fee apply. A deposit may be required. Night & Weekend Minutes are Mon.–Thurs. 9pm–7am and Fri. 9pm–Mon. 7am. Domestic roaming calls are charged $0.50 per minute and, if applicable, an additional $0.25 per minute for long distance. Calls are rounded up to the next whole minute. **$300 Savings:** Savings may not be typical and will vary based on current plan and actual usage. Visit sprintpcs.com/fairandflexible for details. **Instant Savings:** Instant savings only available at participating Sprint Stores. Requires in-store purchase and activation on two new lines of service with Sprint PCS Vision. Savings may not exceed total purchase price of phones. ©2004 Sprint. All rights reserved. Sprint and the diamond logo are trademarks of Sprint Communications Company L.P.

Exhibit C



# The newest phones.
# The coolest features.
# The hottest deals.

**Limited time:**
**Save up to 85% at the Sprint Store Semi-Annual Sale.**



**Sprint PCS Vision™ Ready Link Phone**
**Buy one for $69⁹⁹, get one FREE!**
Save $369.99
Reg $219.99 each Sprint PCS Vision™ Ready Link Phone RL-4920 by Sanyo®

- Sprint PCS Ready Link™ capable.
  - Quick two-way "walkie-talkie style" communication.
  - Connect up to six people with the push of a button.

**Sprint PCS Vision Phone**
**Just $29⁹⁹**
Save $170
Reg $199.99 Sprint PCS Vision Phone VI660 by Samsung®

- Sprint PCS Vision capable. • Large full-color screen. Great for text messaging, screen savers, playing games and accessing the Web. • Customizable Picture Caller ID. • Voice-activated phone book and dialing.

**Ask about the Sprint PCS Fair & Flexible™ Plan. Stop guessing. Start saving today.**
**For as little as $35 a month – A GREAT VALUE.**

 **Sprint Store™** The PCS Center

Sprint PCS. Now, that's better.™

**SEE HOW MUCH YOU CAN SAVE    800-480-4PCS    www.sprintpcs.com    or visit a Sprint Store**

Certified Sprint PCS Vision™ Specialists, for complete demonstrations:

 **Sprint Store™** The PCS Center

For free delivery with phone purchase and activation:
www.sprintpcs.com
1-800-480-4PCS

**Friday, July 16, 2004    DAILY NEWS**

**Taxes and surcharges (including a USF charge of 2.16% and cost-recovery fees of $0.80, or other surcharges that vary by market) not included. Surcharges are not taxes or government-required charges.

Nationwide network reaches over 240 million people. Coverage not available everywhere. Offers may not be available everywhere. Subject to credit. Terms and conditions apply. See store for details. Offers end 8/1/04. ©2004 Sprint. All rights reserved. Sprint and the diamond logo are trademarks of Sprint Communications Company L.P.






**Exhibit B**

Case 1:05-cv-07430-KMK    Document 1    Filed 08/11/05    Page 27 of 28






## DAILY NEWS
# Breaking News



REGISTER | HEADLINES    CLASSIFIEDS | HELP

**Home**  **News & Views**  **Sports**  **Entertainment**  **Biz/Money**  **Boroughs**  **City Life**  **Services**





# Cell-phone firms get call they didn't want from city

**THE ASSOCIATED PRESS**

The city's Department of Consumer Affairs has filed a lawsuit that accuses three cellular telephone companies of using deceptive advertising to sell wireless services and equipment.

The agency named Nextel Communications Inc., Sprint Spectrum LP., and T-Mobile USA Inc., as defendants, saying they promised free incoming calls, free long-distance, and free cell phones when in fact those things were offered with costly conditions.

Jonathan Mintz, Consumer Affair's acting commissioner, cited examples of print ads that he called deceptive because of the way they used type size. "They're telling you one thing in the large print and taking it away in the fine print," Mintz said. "Any way you slice it, that's illegal."

Mintz said cell phone customers are vulnerable to bogus ads because they often use advertising as a shortcut through the maze of plans and options the companies offer.

Nicholas Fengos, a Consumer Affairs lawyer, pointed to the word "free" in bold type on one ad and then noted the fine print conditions on the "free" features. "The 'conditions' have to be in proximity to the word 'free' for this to be legal," he said.

A DCA statement cited research by Consumers Union, the consumers' advocacy organization, which said Federal Communications Commission information shows complaints about wireless service increased nearly 38 percent from 2003 to 2004, with cell phone marketing and billing problems causing the most dissatisfaction.

Case 1:05-cv-07130-KMK    Document 1    Filed 08/11/05    Page 28 of 28

Fengos said the lawsuit, filed Wednesday in Manhattan's State Supreme Court, will pursue civil penalties of $500 per customer, which could amount to hundreds of thousands of dollars from the three companies.

Susan Kassapian, deputy DCA commissioner and lawyer, said the agency also prepared claims against AT&T Wireless (which has since been acquired by Cingular Wireless LLC), Cingular Wireless, and Verizon Wireless for deceptive advertising, but those companies settled and agreed to comply with the city consumer protection laws.

AT&T-Cingular paid $95,000 and Verizon paid $30,000 to settle DCA claims, Kassapian said.

She said attorneys general in 32 states — not including New York — recently reached an agreement with wireless companies over their advertising practices, but did not file lawsuits.

No one in the media relations offices of the three companies that were sued was immediately reachable for comment.

**Originally published on July 21, 2005**

XML Fresh stories hot off the site every day via RSS!

Have stories like this emailed right to your inbox!

Email this story

Printer-friendly version



**Young tsunami victims need your help**



LEFT

All contents © 2005 Daily News, L.P.
Disclaimer and Copyright Notice | Our Privacy Policy