FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal, Esq. (EHR 8022)
Wendy Stryker (WS 9570)
488 Madison Avenue
New York, NY 10022
(212) 980-0120

Attorneys for Defendant Sprint Spectrum, L.P.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN MINTZ, Acting Commissioner of the Department of Consumer Affairs of the City of New York, and the CITY OF NEW YORK,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT SPECTRUM, L.P.<br><br>Defendant. | 05 Civ. 7130 (RO)(THK)<br><br>**ANSWER OF DEFENDANT**<br>**SPRINT SPECTRUM, L.P.** |

Defendant Sprint Spectrum L.P. ("Sprint") files its Answer and Defenses to the Complaint of Department of Consumer Affairs ("DCA") and City of New York, dated July 18, 2005 (the "Complaint"), and states as follows.

### GENERAL DENIAL

Unless specifically admitted below, Sprint denies each and every allegation contained in the Complaint.

### PARTIES AND JURISDICTION

1. Sprint admits the allegations in paragraph 1 of the Complaint.

2. Sprint states the allegations in paragraph 2 of the Complaint are legal conclusions to which no response is required.

3. Sprint admits the allegations in paragraph 3.

4. Sprint states the allegations in paragraph 4 of the Complaint are legal conclusions to which no response is required.

5. Sprint denies each allegation in paragraph 5 of the Complaint, except Sprint admits it is a Delaware limited partnership having its principal offices at Sprint Parkway, Overland Park, Kansas.

## APPLICABLE LAW

6. Sprint states the allegations in paragraph 6 of the Complaint are legal conclusions to which no response is required.

7. Sprint states the allegations in paragraph 7 of the Complaint are legal conclusions to which no response is required.

8. Sprint states the allegations in paragraph 8 of the Complaint are legal conclusions to which no response is required.

9. Sprint states the allegations in paragraph 9 of the Complaint are legal conclusions to which no response is required.

10. Sprint states the allegations in paragraph 10 of the Complaint are legal conclusions to which no response is required.

11. Sprint states the allegations in paragraph 11 of the Complaint are legal conclusions to which no response is required.

## FACTS

12. Sprint denies each allegation in paragraph 12 of the Complaint, except admits it has promoted wireless telecommunications services and products by advertisements in

newspapers such as New York Newsday, the New York Post, and the New York Daily News that are distributed within the City of New York.

13. Sprint is without knowledge or information sufficient to form a belief as to each allegation in paragraph 13 of the Complaint and therefore denies them.

14. Sprint denies each allegation in paragraph 14 of the Complaint, except admits the cited language appeared in advertisements in newspapers within the City of New York on or about May 16, 2004.

15. Sprint denies each allegation in paragraph 15 of the Complaint, except admits the cited language appeared in advertisements in newspapers within the City of New York on or about May 16, 2004.

16. Sprint denies each allegation in paragraph 16 of the Complaint, except admits the cited language appeared in advertisements in newspapers within the City of New York on or about May 16, 2004.

17. Sprint denies each allegation in paragraph 16 of the Complaint, except admits the cited language appeared in advertisements in newspapers within the City of New York on or about July 16, 2004.

## AS AND FOR A FIRST CAUSE OF ACTION

18. Defendant repeats and re-alleges its answer to each allegation in paragraphs 1 though 17 of the Complaint as though fully set forth herein.

19. Sprint denies each allegation in paragraph 19 of the Complaint, except admits the cited language appeared in advertisements published in newspapers within the City of New York on or about May 16, 2004.

20. Sprint denies each allegation in paragraph 20 of the Complaint.

## AS FOR A SECOND CAUSE OF ACTION

21.     Defendant repeats and re-alleges its answer to each allegation in paragraphs 1 though 20 of the Complaint as though fully set forth herein.

22.     Sprint denies each and every allegation in paragraph 22 of the Complaint, except admits the cited language appeared in advertisements in newspapers within the City of New York on or about May 16, 2004.

23.     Sprint denies each allegation in paragraph 23 of the Complaint.

## AS FOR A THIRD CAUSE OF ACTION

24.     Defendant repeats and re-alleges its answer to each allegation in paragraphs 1 though 23 of the Complaint as though fully set forth herein.

25.     Sprint denies each allegation in paragraph 25 of the Complaint, except admits the cited language appeared in advertisements in newspapers within the City of New York on or about May 16, 2004.

26.     Sprint denies each allegation in paragraph 26 of the Complaint.

## AS FOR A FOURTH CAUSE OF ACTION

27.     Defendant repeats and re-alleges its answer to each allegation in paragraphs 1 though 26 of the Complaint as though fully set forth herein.

28.     Sprint denies each allegation in paragraph 28 of the Complaint, except admits the cited language appeared in advertisements in newspapers within the City of New York on or about July 16, 2004.

29.     Sprint denies each allegation in paragraph 29 of the Complaint.

## DEFENSES

### FIRST DEFENSE

30.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

31.     Plaintiffs' claims are barred because the regulations sought to be enforced against defendant violate the Commerce Clause of the Constitution of the United States, because these local laws discriminate against interstate and foreign commerce by imposing impermissible burdens upon same and regulating matters occurring in states wholly outside the jurisdiction of the City of New York.

### THIRD DEFENSE

32.     Plaintiffs' claims are barred because the regulations sought to be enforced against defendant abridge its freedom of speech guaranteed by the First and Fourteenth Amendments to the Constitution of the United States and Art. I, § 8 of the New York Constitution.

### FOURTH DEFENSE

33.     Plaintiffs' claims are barred because they are inconsistent with and/or preempted by New York state law and Section 5 of the Federal Trade Act, 15 U.S.C. § 45.

### FIFTH DEFENSE

34.     Plaintiffs' claims are barred because the regulations sought to be enforced against defendant are void for vagueness and violate defendant's due process rights guaranteed under the Fourteenth Amendment to the Constitution.

## CONCLUSION AND PRAYER

WHEREFORE, defendant Sprint requests that:

1.  Plaintiffs take nothing by their Complaint;

2.  The Court enter a judgment in favor of defendant Sprint in this action, and deny plaintiffs all requested relief;

3.  The Court enter an order that the local laws upon which the Complaint is based are void and unenforceable;

4.  The Court award defendant Sprint its costs of suit and reasonable attorneys fees; and

5.  The Court grant defendant Sprint all other and further relief to which it may show itself to be entitled.

## JURY DEMAND

Sprint demands a trial by jury on all issues triable to a jury in this matter.

Dated: New York, New York
       August 15, 2005

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: _____
Edward H. Rosenthal, Esq. (EHR 8022)
Wendy Stryker (WS 9570)
488 Madison Avenue
New York, New York 10022
Phone: (212) 980-0120
Fax:  (212) 593-9175

Attorneys for Defendant Sprint

Of Counsel

Thomas E. Gilbertsen
John E. Villafranco
COLLIER SHANNON SCOTT, PLLC
3050 K Street, NW, Suite 400
Washington, DC 20007
 Phone: (202) 342-8400
 Fax: (202) 342-8451

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                                            ss.:
COUNTY OF NEW YORK)

DONALD THORESEN, being duly sworn, deposes and says:

I am not a party to this proceeding, am over eighteen years of age, and reside in Kings County, State of New York.

On August 15, 2005, I served the annexed Answer upon:

>Michael Cardozo, Esq.
>Corporation Counsel of the City of New York
>By: Gabriel Taussig, Esq.
>100 Church Street
>New York, New York 10003
>    -and-
>Susan Kassapian, Esq.
>Assistant Commissioner for Litigation and Mediation
>Department of Consumer Affairs
>42 Broadway
>New York, New York 10004
>    -and-
>Nicholas James Fengos, Esq.
>Senior Counsel
>Department of Consumer Affairs
>42 Broadway
>New York, New York 10004

by first-class mail by placing a true copy of same in properly addressed, securely-sealed envelopes, postage postpaid, and by causing said envelopes to be deposited in an official depository under the

exclusive care and custody of the United States Postal Service.

*Donald Thoresen*
_____
Donald Thoresen

Sworn to before me this
15 day of August, 2005.

*[signature]*
Notary Public

HILARY S. GEIER
Notary Public, State of New York
No. 4781100
Qualified in Nassau County
Commission Expires December 31, 2005